UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYLE B. RICHARDS,

      Plaintiff,      Case No. 1:12-cv-1027

v.               Honorable Janet T. Neff

FEDERAL BUREAU OF
INVESTIGATION et al.,

      Defendants.
               /

## **OPINION**

    This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint against the Federal Bureau of Investigation and the Michigan State Police because they are entitled to sovereign immunity. The Court will dismiss for failure to state a claim Plaintiff's claims against Defendants Snyder, Calley and Heyns. The Court will serve the complaint against Defendants Ferguson, Wise and Bennickson.

**Factual Allegations**

Plaintiff Kyle B. Richards presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility (IBC). He sues the Federal Bureau of Investigation (FBI), the Michigan State Police (MSP), Governor Rick Snyder, Lieutenant Governor Brian Calley, MDOC Director Daniel Heyns, and the following IBC employees: Captain (unknown) Ferguson, Lieutenant (unknown) Wise, and Sergeant (unknown) Bennickson.

According to the complaint, sometime in August, two prison gang members, "Lil Sen" and "Pheno" "verbally assaulted" Plaintiff and threatened him by making two statements: (1) "When I catch you on the yard, I[']m going to beat you[."]; and (2) "I[']m going to kill you." (Compl., docket #1, Page ID#2.) Plaintiff asserts that the two prisoners have access to him and "pose a threat of imminent and immediate serious physical harm."

Plaintiff alleges that he sent nearly a dozen kites to various sergeants and lieutenants at IBC. After receiving no response, he filed a grievance on September 10, 2012. Defendants Wise, Bennickson and Ferguson interviewed him, but they allegedly did not investigate the allegations, issue tickets to the prisoners for verbal assault, or report the "crime" to prosecutors. (*Id.*) Plaintiff asserts that, because he is a vulnerable adult because of his autism and mental illness, he has experienced severe psychological damage as the result of the continuing "verbal assaults." *Id.* He contends that Defendants' failure to take action to protect him violates the Eighth Amendment and constitutes criminal abuse of a vulnerable adult, in violation of MICH. COMP. LAWS §§ 750.145(N) and 750.149(A). For relief, he seeks monetary damages. In the alternative, he offers to settle the suit in exchange for Defendant Snyder's issuance of a pardon on his five felony convictions.

**Discussion**

I. Sovereign Immunity

**A. FBI**

As the Sixth Circuit summarized in *Gao v. Jenifer*, 185 F.3d 548, 554 (6th Cir.1999), "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Id.* (citing *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 259 (1999), and *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (internal quotations omitted). A waiver of sovereign immunity must be strictly construed in favor of the sovereign. *Id.* (citing *Lane v. Pena*, 518 U.S. 187, 192 (1996), and *Library of Congress v. Shaw*, 478 U.S. 310, 318 (1986)). Moreover, a waiver of sovereign immunity must also be 'unequivocally expressed' in the statutory text." *Id.* (citing *Lane*, 518 U.S. at 192). Sovereign immunity is jurisdictional in nature. *United States v. Mitchell*, 463 U.S. 206, 212 (1983).

Plaintiff does not identify any waiver of sovereign immunity allowing an individual to force the FBI to investigate an alleged crime. Moreover, courts routinely have rejected the proposition that the United States has waived its sovereign immunity for FBI investigation and enforcement decisions. *See Waters v. FBI*, No.11-cv-17, 2011 WL 1575602, at *2 (S.D. Ohio Apr. 26, 2011) (holding that Congress has not waived sovereign immunity for FBI and IRS investigation and enforcement activities) (citing 5 U.S.C. § 701(a)(2), which provides an exception to the Administrative Procedure Act's (5 U.S.C. §§ 501 et seq.), general waiver of sovereign immunity for actions in district court where "agency action is committed to agency discretion by law"); *Heckler v. Chaney*, 470 U.S. 821, 831–32 (1985) (holding that the presumption that the Food and Drug Administration's decisions not to institute enforcement proceedings are unreviewable under 5 U.S.C. § 701(a)(2) is not overcome by enforcement provisions of Federal Food, Drug, and Cosmetic Act

(21 U.S.C. §§ 301 et seq.), which commit complete discretion to Secretary to decide how and when they should be exercised); *see also United States ex rel. Tyler v. United States Attorney*, 2007 WL 3028420, at *2 (D. Neb. Oct. 16, 2007) ("Deciding whether, when, and to what extent, the government should investigate and pursue criminal charges for collection of taxes is clearly within the investigatory and prosecutorial discretion of the defendant agencies."). The FBI therefore will be dismissed on grounds of sovereign immunity.

### B. MSP

Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). The MSP is a department of the State of Michigan entitled to sovereign immunity. *See Lavrack v. City of Oak Park*, No. 98-1142, 1999 WL 801562, at *2 (6th Cir. 1999). In addition, the State of Michigan (acting through the MSP) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court dismisses the MSP.

II.   Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v.*

*Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

**A.     Defendants Snyder, Calley & Heyns**

Plaintiff fails to make specific factual allegations against Defendants Snyder, Calley, and Heyns, other than his claim that they failed to conduct an investigation in response to his grievances and letters of complaint. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Snyder, Calley and Heyns engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

### B. Defendants Ferguson, Wise & Bennickson

The Court concludes that Plaintiff's allegations against Defendants Ferguson, Wise and Bennickson are sufficient to warrant service of the complaint.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), the Court will dismiss Plaintiff's complaint against the Federal Bureau of Investigation and the Michigan State Police because they are entitled to sovereign immunity. The Court will dismiss for failure to state a claim Plaintiff's claims against Defendants Snyder, Calley and Heyns. The Court will serve the complaint against Defendants Ferguson, Wise and Bennickson.

An Order consistent with this Opinion will be entered.

Dated: November 1, 2012           /s/ Janet T. Neff
                                  Janet T. Neff
                                  United States District Judge