UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KYLE RICHARDS,

       Plaintiff,                                Hon. Janet T. Neff

v.                                                Case No. 1:12-CV-1027

THE FEDERAL BUREAU OF
INVESTIGATION, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for a Preliminary Injunction. (Dkt. #27). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**.


## BACKGROUND

Plaintiff initiated this action on September 20, 2012, against the Federal Bureau of Investigation (FBI), the Michigan State Police, Governor Rick Snyder, Lieutenant Governor Brian Calley, Director of the Michigan Department of Corrections Daniel Heyns, and three additional prison officials, Captain Ferguson, Lieutenant Wise, and Sergeant Bennickson. Plaintiff alleges that he was verbally assaulted and threatened by two gang members with whom he is incarcerated. Plaintiff further alleges that he reported this incident to Defendants Ferguson, Wise, and Bennickson who did "absolutely nothing" in response. Plaintiff initiated this action seeking several hundred thousand dollars in damages as well as a pardon from Governor Snyder for his various felony convictions. Plaintiff's claims against

the FBI, the Michigan State Police, Governor Snyder, Lieutenant Governor Calley, and Director Heyns have all since been dismissed. Service has yet to be effected on Defendants Ferguson, Wise, and Bennickson. Plaintiff now requests that the Court enter an Order mandating that he be housed in administrative segregation "for safety reasons" and, furthermore, that prison officials furnish Plaintiff with "a television and radio to reduce [his] stress and mental anguish."

Injunctive relief is "an extraordinary remedy which should be granted only if. . .the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001) (citations omitted). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000).

Rather than prerequisites which must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997); *Michigan Bell Telephone Co. v. MFS Intelenet of Michigan, Inc.*, 16 F.Supp.2d 828, 831 (W.D.Mich. 1998). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118 (the "most significant single component" in the decision whether to grant injunctive relief "is the court's discretion") (citations omitted).

Plaintiff has failed to establish that he is likely to prevail in this matter or that he is likely to experience any mistreatment or irreparable harm in the absence of relief. Furthermore, the Court concludes that the public interest would not be served by judicial interference in the day-to-day operations of a correctional facility in the absence of any evidence supporting such. Accordingly, the undersigned recommends that Plaintiff's motion for injunctive relief be **denied**.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for a Preliminary Injunction, (dkt. #27), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: January 3, 2013  /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge