UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYLE RICHARDS,

        Plaintiff,                              Hon. Janet T. Neff

v.                                          Case No. 1:12-CV-1027

FEDERAL BUREAU OF
INVESTIGATION, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Plaintiff's Motion for Exemption from Exhaustion Requirement</u>. (Dkt. #33). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**.

## BACKGROUND

Plaintiff initiated this action on September 20, 2012, against the Federal Bureau of Investigation (FBI), the Michigan State Police, Governor Rick Snyder, Lieutenant Governor Brian Calley, Director of the Michigan Department of Corrections Daniel Heyns, and three additional prison officials, Captain Ferguson, Lieutenant Wise, and Sergeant Bennickson. Plaintiff alleges that he was verbally assaulted and threatened by two gang members with whom he is incarcerated. Plaintiff further alleges that he reported this incident to Defendants Ferguson, Wise, and Bennickson who did "absolutely nothing" in response. Plaintiff initiated this action seeking several hundred thousand dollars in damages as well as a pardon from Governor Snyder for his various felony convictions. Plaintiff's claims against

the FBI, the Michigan State Police, Governor Snyder, Lieutenant Governor Calley, and Director Heyns have all since been dismissed. Plaintiff now requests that the Court enter an Order exempting him from the exhaustion requirement articulated in the Prison Litigation Reform Act. Plaintiff argues that he is entitled to this relief because he is *presently* unable to file any prison grievances due to threats by a "prison gang."

Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *See also, Porter v. Nussle*, 534 U.S. 516, 520 (2002) (holding that "§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences"). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Id.*

Plaintiff's motion fails for two reasons. First, because Defendants have not filed a motion to dismiss for failure to exhaust administrative remedies, the issue of whether Plaintiff is entitled to a waiver of the exhaustion requirement is not properly before the Court. Furthermore, even if the question were properly before the Court, Plaintiff is not entitled to the relief he seeks. As the aforementioned statute provides, Plaintiff is only obligated to exhaust "such administrative remedies as are available." While Plaintiff alleges that he is *presently* prevented from filing any prison grievances, he has not demonstrated that he was prevented from filing a grievance prior to initiating the present action. Whether Plaintiff is presently able to file prison grievances is irrelevant as Plaintiff is required to have exhausted the claims herein asserted before initiating the present action. *See Mack v. DeWitt*, 40 Fed.

Appx. 36, 38 (6th Cir., Apr. 30, 2002) (the PLRA "requires a prisoner to exhaust all available administrative remedies *before* filing federal lawsuits") (emphasis added).

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Plaintiff's Motion for Exemption from Exhaustion Requirement</u>, (dkt. #33), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: February 6, 2013 /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge