UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYLE RICHARDS,

    Plaintiff,

Case No. 1:12-cv-1027

v

HON. JANET T. NEFF

FEDERAL BUREAU OF
INVESTIGATION, et al.,

    Defendants.
_____/

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed a "Motion for Exemption From Exhaustion Requirement Pursuant to [Prison Litigation Reform Act (PLRA)]" (Dkt 33). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R, Dkt 38), recommending that this Court deny Plaintiff's motion. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Plaintiff disagrees with the Magistrate Judge's conclusion that whether he is entitled to a waiver of the PLRA's exhaustion requirement is not properly before the Court where Defendants have not moved to dismiss for failure to exhaust administrative remedies. According to Plaintiff, "nothing in law prohibits plaintiff from requesting a waiver" (Objs., Dkt 40 at 2). Plaintiff also broadly claims that "nothing in the context of Federal law prevents the Plaintiff from trying to route

a predictable and tactifull [sic] defense" (*id.*). Last, pointing out that "all Defendants were served a copy of the motion and given ample time to object," Plaintiff opines that Defendants "would not be prejudiced by this motion" (*id.*).

Plaintiff's arguments, made without reference to authority, do not demonstrate any legal error in the Magistrate Judge's conclusion. As the Magistrate Judge explained, failure to exhaust administrative remedies is "an affirmative defense under the PLRA," which the defendant bears the burden of establishing (R&R, Dkt 38 at 2, citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)). Therefore, Plaintiff's objection is denied. Further, because the Court agrees that the exhaustion issue is not properly before this Court, the Court declines to address the merits of Plaintiff's second objection, which concerns whether he "was prevented and was unable to exhaust administrative remedies before filing suit" (Objs., Dkt 40 at 3).

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones*, 549 U.S. at 206, 211-12.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 40) are DENIED and the Report and Recommendation (Dkt 38) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion for Exemption From Exhaustion Requirement Pursuant to P.L.R.A." (Dkt 33) is DENIED.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of this decision would not be taken in good faith.


Dated: June  24, 2013                                            /s/ Janet T. Neff
                                                                          JANET T. NEFF
                                                                          United States District Judge